Frank Frisenda  (State Bar #85580)
FRISENDA, QUINTON & NICHOLSON
11601 Wilshire Boulevard, Suite 500
Los Angeles, California  90025
Tel.: (702)  792-3910
Fax:  (702) 436-4176
E-Mail: frankfrisenda@aol.com
Attorney for Plaintiffs Jan Davidson et al

THE UNITED STATES COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAN DAVIDSON, a citizen of California, and LAUGH LINES, a California Corporation,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>PONCHO & GOLDSTEIN INC., a California corporation and Does 1 through 10<br><br>　　　　　Defendants. | Case No.:<br><br>COMPLAINT FOR:<br>　1. COPYRIGHT INFRINGEMENT<br>　2. VIOLATIONS OF THE LANHAM ACT 15 USC 1125<br>　3. VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 AND COMMON LAW UNFAIR COMPETITION<br><br>JURY TRIAL DEMANDED |

　　　Plaintiffs Jan Davidson and Laugh Lines (collectively, "Plaintiffs"), by their counsel, file this complaint against Defendant Poncho & Goldstein, Inc. (hereinafter, "Defendant") and Does 1 through 10 (collectively "Defendants") and hereby demand a jury trial and allege and say:

## NATURE OF THE ACTION

1. This is a civil action for Copyright Infringement, for Defendants' violations of the Lanham Act, and for Defendants acts of Unfair Competition in violation California Business and Professions Code 17200 et seq.  In more detail, Plaintiffs seek damages and preliminary and permanent injunctive relief arising from Defendants' manufacture,  distribution and sale of knock-off artwork products identified as "WINE EYE CHART" and related products.(" Accused Products")

2.  Defendants have further unlawfully advertised and promoted their use of Plaintiffs' copyrighted artwork to their customers. Indeed, Plaintiffs are informed and believe, and on that basis aver, that the Defendants sometimes sell their infringing products , in order to promote, market, and profit from their sales of other goods and services.

3. Defendants do not have any license or other authorization from Plaintiffs to reproduce, distribute, or sell any of Plaintiffs' copyrighted works and otherwise protected artwork, or to use them to solicit, encourage, and induce sales of other goods and services. Defendants are fully aware that their conduct is unlawful, but have willfully chosen to engage in this unlawful conduct to maximize their profits and in conscious disregard of Plaintiffs' rights. Defendants' theft has caused substantial, manifest, and irreparable harm to Plaintiffs, who invested thousands of dollars and enormous amounts of time and creative energy to produce and exploit their copyrighted and otherwise protected works infringed by Defendants.

## PARTIES

4. .Plaintiff Jan Davidson is an individual, and citizen of the State of California, residing  in Santa Barbara County.  Plaintiff Davidson is the original author and artist of that certain 2-D artwork entitled WINO EYE CHART for which US Certificate of Copyright Registration was granted effective January 12, 2015, Registration Number VA 1-945-025.   (Exhibit "1" hereto). Plaintiff Davidson is the lawful owner of all right, title, and interest in and to the copyrighted artwork.

COMPLAINT FOR CORPYRIGHT INFRINGEMENT, VIOLATIONS OF LANHAM ACT AND FOR UNFAIR COMPETITION

5. Plaintiff Laugh Lines is a California corporation, founded by Plaintiff Davidson, with its principal place of business in Santa Barbara, California. At least since 2014, Plaintiff Laugh Lines has, and continues to, design, manufacture, distribute and sell within this Judicial District, and though out the United States, products which embody the copyrighted WINO EYE CHART artwork. Exhibit "2" hereto is a representative sample of Plaintiffs' copyrighted products. As shown in Exhibit "3" hereto, the genuine artwork bears Plaintiff Davidson's copyright notice in addition to the phrase "All rights reserved".

6. Upon information and belief, Defendant Poncho & Goldstein, Inc. is a California corporation having a principal place of business at 69 Costa Brava, Laguna Niguel, California, 92677. Upon further information and belief, Defendant Poncho & Goldstein, Inc. manufactures, uses, sells, imports, and/or distributes knock-off WINE EYE CHART Accused Products that infringe Plaintiffs' copyright and trade dress protections. Exhibit "4" is a true and correct copy of a representative sample of Defendant's Accused WINE EYE CHART product.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 10, are unknown to Plaintiffs, which therefore sue said defendants by such fictitious names (the "Doe Defendants"). If necessary, Plaintiffs will seek leave of Court to amend this complaint to state the true names and capacities of the Doe Defendants when the same have been ascertained. Plaintiffs are informed and believe, and on that basis aver, that the Doe Defendants are liable to Plaintiffs as a result of their participation in all or some of the acts hereinafter set forth.

8. Plaintiffs are informed and believe and on that basis aver that at all times mentioned in this complaint, each of the Defendants was acting in concert with all of the other Defendants and was the agent of each of the other Defendants and, in doing the things averred in this complaint, was acting within the course and scope of such agency.

//
//
//
//

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331, 1338, and 1367(a).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

11. This Court has personal jurisdiction over Defendants, which do and solicit continuous and systematic business in California; which engage in at least a substantial part of the conduct averred herein in California, which conduct has injured Plaintiffs in California; which transact business with one another in California, including with respect to the matters giving rise to this suit; which derive substantial revenue from goods used or services rendered in California; which expect or reasonably should expect their infringing conduct to have consequences in California; and which derive substantial revenue from interstate commerce

## BACKGROUND FACTS

12. Plaintiff Jan Davidson is well known in the wine community as a phenomenal artist, with a good sense of humor. For at least the past decade, Ms. Davidson has developed many loyal customers and has utilized her artistic skills by customizing orders per many requests.

13. Plaintiff Laugh Lines is owned and operated by Jan Davidson. Laugh Lines produces art for galleries and for the general consuming public. Laugh Lines has successfully sold thousands of authentic artworks by Jan Davison marketed though the trade channels such as internet sites and retail stores such as Napa General Store, Wine Vine Imports, and True Fabrications.

14. A comparison of Defendants' Accused Product with Plaintiffs' authentic artwork shows Defendants' deceptive efforts to imitate, rather than innovative, as follows:

| PLAINTIFFS' AUTHENTIC WINO EYE CHART | DEFENDANTS' KNOCK-OFF WINE EYE CHART |
|---|---|
|  | |

15. The striking similarities between the two competing products demonstrates Defendants' deceptive intent and use of Plaintiffs' trade dress features. For instance, each artwork has central wording in the format of an EYE CHART. Every line reads phonetically like "WINO" spelled in several combinations of words. These unusual combinations seen in Defendants' product, and in virtually the same order as Plaintiffs' artwork are the unmistakable signposts of Defendants' copying.

16. Defendants' accused products also use similar trade dress features of Plaintiffs' authentic products including: font (block letter with Serif), imagery of metal signage (dye sublimation printed on metal) with a distressed patina having rusty screws in each of the four corners. Moreover, each sign is mounted onto a a recycled wood frame.

17. Defendants use their infringing copies of Plaintiffs' artwork to draw attention to, and promote the sales of, their other products and services. Plaintiffs are informed and believe, and on that basis aver, that Defendants have knowingly and intentionally used infringing artwork owned by Plaintiffs as a "door opener" to solicit customers to purchase others goods and

services from Defendants. Defendants' infringing and unlawful uses of Plaintiffs' copyrighted and otherwise protected works have at least partially contributed to, are reasonably related to, and/or bear a legally significant relationship to Defendants' sales of such other goods and services and Defendants' profits there from.

18. Defendants' misconduct has proximately caused substantial additional damage to Plaintiffs in many separate and independent ways. By way of example only, and without limitation, Defendants' unauthorized uses of Plaintiffs' property diminishes the value of such property for other uses, including first-use premiums and exclusive uses; and by using, and advertising and promoting their use of, Plaintiffs' property without any indication that such uses are licensed or authorized by Plaintiffs, Defendants denigrate and disparage Plaintiffs and their artwork by conveying to their customers and the general public that Plaintiffs' property is without value, and/or is of insignificant or insubstantial value, to Plaintiffs' great and incalculable injury.

19. Through their conduct averred herein, Defendants have infringed Plaintiffs' copyrights and exclusive rights in Plaintiffs' copyrighted and otherwise protected products by reproducing, distributing, and preparing derivative works based upon such works without authorization in violation of Sections 106, 115, and 501 of the Copyright Act, 17 U.S.C. §§ 106, 115, and 501.

## COUNT I – COPYRIGHT INFRINGMENT

### By Plaintiff Davidson against All Defendants

20. Plaintiff Davidson re-alleges paragraphs 1 through 19 as if fully set forth herein.

21. Plaintiff is the author of the original copyrighted works of art that the Defendants have unlawfully copied and sold. Such original works of art of Plaintiff are fixed in a tangible form and have been published. As such, Plaintiff Davidson owns the copyrights to her artwork and is entitled to protections afforded under common law and 17 U.S.C. § 501, et seq. Plaintiff attaches a copyright notice to all of her published work.

22. Without authorization, Defendants have willfully copied and sold Plaintiff's copyrighted work, which to the ordinary observer, are substantially and strikingly similar to Plaintiff's copyrighted work, in violation of common law and federal law.

23. Defendants, through internet sites, mass-merchants and other retailers, offer for sale, market and have sold unauthorized and fraudulent copies of Plaintiff's works and received profits therefrom.

24. Defendants knew that these works infringed upon Plaintiff's copyright and they willfully sold these infringing works and received profits therefrom.

25. Defendants have induced, caused or materially contributed to the infringing acts alleged herein and are liable to Plaintiff Davidson for direct, contributory or vicarious copyright infringement.

26. Defendants have economically benefited from the sale of these unauthorized copies of Plaintiff's copyrighted work.

27. As a result of Defendants' willful infringement of Plaintiff's' copyrighted artwork, Plaintiff has been injured, and will continue to suffer substantial losses, including, but not limited to, damage to her name, reputation and goodwill. Plaintiff is entitled to recover actual damages, which include her losses and all profits Defendant has made as a result of their wrongful conduct, pursuant to 17 U.S.C. § 504(b).

28. Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an Order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Plaintiff has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) Plaintiff's copyright is unique and valuable property which has readily determinable market value; (b) Defendant's infringement harms Plaintiffs' business reputation and goodwill such that Plaintiff

could not be made whole by any monetary award; and, (c) Defendant's wrongful conduct, and the resulting damage to Plaintiffs, is continuing.

29. Alternatively, with actual or constructive knowledge of the infringing activity, Defendants have induced, caused and/or materially contributed to the infringing conduct of others; and/or have failed to exercise their respective rights and abilities to control the conduct of those responsible for infringement, while deriving a financial benefit from the infringement.

30. Defendants' conduct was intentional and willful and undertaken with a conscious disregard of Plaintiff's rights. Plaintiff Davidson is entitled to statutory damages under the Copyright Act or, alternatively, compensatory damages, including but not limited to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504. Plaintiff also is entitled to her attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## COUNT II – TRADE DRESS INFRINGEMENT

### By Plaintiffs against All Defendants

31. Plaintiffs reallege all of the allegations set forth in paragraphs 1 through 30 above, as if set forth in full herein.

32. Plaintiffs have manufactured, advertised, distributed, marketed, promoted and offered for sale their authentic artwork products that embody Plaintiff Davidson's copyrighted material. Plaintiffs are informed and believe, and based thereon allege, that consumers recognize the features of Plaintiffs' artwork products ( Exhibit"2") as coming from a unique source, namely, Plaintiffs.

33. Plaintiffs are informed and believe, and based thereon allege, that Defendants' Accused Products (Exhibit "4") use the look and feel of Plaintiffs' authentic WINO EYE CHART product and is likely to cause confusion as to the source of the Accused products with Plaintiffs' products.

34. Plaintiffs are informed and believe, and based thereon allege, that Defendants knew of the considerable commercial success of Plaintiffs' artwork products and that Defendant willfully used the look and feel of Plaintiffs' art work's trade dress in connection with the sale, offering for sale, distribution and/or advertising of the Infringing WINE EYE CHART in a manner likely to cause confusion, or to cause mistake, or to deceive customers that Defendant's Accused Products are products from Plaintiffs or otherwise associated with or authorized by Plaintiffs.

35. Defendants' conduct described above constitutes trade dress infringement in violation of 15 U.S.C. § 1125.

36. The actions of Defendants, if not enjoined, will continue. Plaintiffs have suffered and continue to suffer damages in an amount to be proven at trial. Plaintiffs are further entitled to injunctive relief to prevent Defendants infringing activities.

37. Pursuant to 15 U.S.C. §§ 1117 and 1125, Plaintiffs are entitled to recover damages, including profits made by Defendants and the costs of this action.

## COUNT III
## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE & 17200 AND COMMON LAW UNFAIR COMPETITION
### By Plaintiff Laugh Lines Against All Defendants

38. Plaintiff Laugh Lines re-alleges and incorporates by reference each of the averments in paragraphs 1 through 30 and 32 through 37 set forth above.

39. The foregoing acts and conduct of Defendants constitute misappropriation, conversion, and invasion of Plaintiff Laugh Lines' property rights in and to the artwork products that Plaintiff owns pursuant to state law and which Defendants have infringed, to be identified in discovery, in addition to the representative sample Exhibit 2 and 3 hereto. The foregoing acts and conduct of Defendants constitute unfair competition under California

Business and Professions Code 17200 and under the common law. If necessary, Plaintiff will amend this Complaint to add additional claims under state law once the specific identities of all of the accused products infringed by Defendants are determined, or, alternatively, will provide such information pursuant to Fed. R. Civ. P. 26 and/or in discovery.

40. As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to recover all proceeds and other compensation received or to be received by Defendants arising from their infringements of Plaintiff's authentic artwork products owned pursuant to state law. Plaintiff requests that the Court order Defendants to render an accounting to ascertain the amount of such profits and compensation.

41. As a direct and proximate result of Defendants' unfair competition, Plaintiff has been damaged and Defendants have been unjustly enriched, in an amount that shall be proved at trial for which damages, restitution, and/or disgorgement is appropriate. Such damages, restitution, and/or disgorgement should include a declaration by this Court that Defendants are constructive trustees for the benefit of Plaintiff and an order that Defendants convey to Plaintiff all the gross receipts received or to be received that are attributable to infringement of Plaintiff's protectable interests owned pursuant to state law.

42. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctions prohibiting further infringements of its exclusive rights.

43. Defendants are guilty of oppression, fraud and/or malice and Plaintiff, in addition to its actual damages is, by reason thereof, entitled to recover exemplary and punitive damages against Defendants.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully pray for judgment against Defendants, granting Plaintiffs the following relief:

    1. On Count I, for maximum statutory damages in the amount of $150,000 with respect to each copyrighted work infringed, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c), or in the alternative for an award of Defendants' profits and for compensatory damages according to proof;

    2. On Counts II and III, for an accounting, the imposition of a constructive trust, restitution of Defendants' unlawful proceeds, and damages according to proof;

    3. On Counts III for punitive and exemplary damages in such amount as may be awarded at trial;

    4. On all counts, a temporary and final injunction to prevent or restrain further infringements and misappropriations of Plaintiffs' copyrights and exclusive ownership interests;

    5. For prejudgment interest;

    6. For Plaintiffs' costs, including, on Counts I, their attorneys' fees and full costs pursuant to 17 U.S.C. § 505; and

    7. For such other and further relief as the Court may deem just and proper.

                      FRISENDA, QUINTON & NICHOLSON

Dated:   June 8, 2017                By:__/S/_____  
                                            FRANK FRISENDA, JR.  
                                            Attorneys for Plaintiffs  
                                            JAN DAVIDSON et al

## DEMAND FOR JURY TRIAL

    Plaintiffs hereby request a trial by jury.

                      FRISENDA, QUINTON & NICHOLSON

Dated:   June 8, 2017                By:____/S/_____  
                                            FRANK FRISENDA, JR.  
                                            Attorneys for Plaintiffs  
                                            JAN DAVIDSON et al

COMPLAINT FOR CORPYRIGHT INFRINGEMENT, VIOLATIONS OF LANHAM ACT AND FOR UNFAIR COMPETITION