UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | | | |
|---|---|---|---|
| **CASE NO.:** | CV 17-04254 SJO (JCx) | **DATE:** | August 15, 2017 |
| **TITLE:** | Jan Davidson, et al. v. Poncho & Goldstein Inc., et al. | | |

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                           Not Present
Courtroom Clerk                            Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**        **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING DEFENDANT'S MOTION TO DISMISS** [Docket No. 12]

This matter is before the Court on Defendant Poncho & Goldenstein Inc.'s ("Poncho & Goldenstein" or "Defendant") Motion to Dismiss ("Motion") filed July 20, 2017. Plaintiffs Jan Davidson ("Davidson") and Laugh Lines (collectively "Plaintiffs") filed an Opposition on July 31, 2017, to which Defendant replied on August 7, 2017.[1] The Court found the matter suitable for disposition without oral argument and vacated the hearing set for August 21, 2017. *See* Fed. R. Civ. P. 78(b). For the following reasons, Defendant's Motion is **DENIED**.

I.      PROCEDURAL AND FACTUAL BACKGROUND

On June 8, 2017, Plaintiffs filed a Complaint in this Court alleging three (3) causes of action: (1) copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. § 501 *et seq.*; (2) trade dress infringement in violation of the Lanham Act, 15 U.S.C. § 1125 *et seq.*; and (3) unfair competition in violation of California Business and Professions Code § 17200 (the "UCL") and the common law. (*See generally* Compl.) Davidson was granted a U.S. Copyright Registration for the two-dimensional artwork at issue in this case (the "Subject Design"). (Compl. ¶ 4.) The artwork contains a series of rows containing the words "W," "Wine," "Wino," "Why No," "Whine Oh," "Wine No," "Whine Oh," "Wine Know," "Wineaux," "Why Know," and "Why No." (See Compl., Ex. 2, ECF No. 1-2.) Plaintiffs allege that Defendant knowingly and wilfully "infringed upon [Davidson's] copyright" and sold infringing works, "which to the ordinary observer, are substantially and strikingly similar to [Davidson's] copyrighted work . . . ." (Compl. ¶¶ 22, 24.) They allege that Defendant has economically benefitted from the sale of these "unauthorized copies of [Davidson's]

---

[1] Defendant's Reply exceeded the page limit proscribed by the Court's Initial Standing Order ("ISO"). (*See* ISO, Ex. A ¶ 24, ECF No. 9.) In the interest of ruling on the merits of the case, the Court will consider the entirety of the Reply; however, the Court admonishes Defendant and instructs all parties to strictly comply with the Local Rules and the ISO in all future proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:**   CV 17-04254 SJO (JCx)          **DATE:** August 15, 2017

copyrighted work." (Compl. ¶ 26.) As a result, Plaintiffs claim to have suffered "[s]ubstantial losses, including, but not limited to, damage to [Davidson's] name, reputation and good will." (Compl. ¶ 27.) Lastly, Plaintiffs claim, on information and belief, that Defendant's acts have been intentional and willful, and thus entitle Plaintiffs to statutory or compensatory damages, including but not limited to Defendant's profits attributable to the infringement, as well as attorneys fees and full costs pursuant to 17 U.S.C. § 505. (Compl. ¶¶ 30, Prayer for Relief.) On July 20, 2017, Defendant moved to dismiss the Complaint, claiming that Plaintiffs' artwork containing "a string of words and short phrases" cannot be protected by copyright. (Mot. 2.)

II.   DISCUSSION

   A.   Legal Standard

Under Rule 12(b)(6), an action may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss, the court must accept as true all "well-pleaded factual allegations," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and construe these well-pleaded factual allegations in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir. 1986). "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content', and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

For allegations made on information and belief to survive dismissal, either the facts on which the allegations are based must be "peculiarly within the possession and control of the defendant," or the belief must be based on factual information that makes the inference of culpability plausible." *Vavak v. Abbott Labs., Inc.*, No. SACV 10-01995 JVS, 2011 WL 10550065, at *2 (C.D. Cal. June 17, 2011) (quoting *Arista Records, LLC v. Doe*, 604 F.3d 110, 120 (2d Cir. 2010)). If the factual allegations based on "information and belief" are made without further facts, the allegations do not survive a motion to dismiss. *Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 694 (9th Cir. 2009); s*ee Simonyan v. Ally Fin., Inc.*, No. CV 12-08495 JFW, 2013 WL 45453, at *2 (C.D. Cal. Jan. 3, 2013) (factual allegations based on "information and belief " containing nothing more than a rote recitation of each claim's elements are insufficient).

///

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** CV 17-04254 SJO (JCx) | **DATE:** August 15, 2017 |

B.  Analysis

   1.  Copyright Infringement

Defendant moves to dismiss Plaintiffs' copyright infringement claim on the ground that copyright does not protect catchwords, short phrases, or expressions.[2] (Mot. 3-5.) Plaintiffs respond that the creative arrangement of the Subject Design's word combinations and short phrases are protectable by copyright. (Opp'n 1.) To prevail on a copyright infringement claim under 17 U.S.C. § 501, Plaintiffs must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent work that are original." *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012), *as amended on denial of reh'g and reh'g en banc* (June 13, 2012). Here, Davidson alleges that she is the undisputed owner of a registered copyright to the Subject Design. (U.S. Copyright Office Certificate of Registration, ECF No. 1-1.) Certificates of Registration presumptively satisfy the first element of ownership of a valid copyright. 17 U.S.C. § 410(c); *S.O.S. Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085-86 (9th Cir. 1989).

"[A] plaintiff may establish copying by showing that the infringer had access to the work and that the two works are substantially similar." *Shaw v. Lindeim*, 919 F. 2d 1353, 1356 (9th Cir. 2009). Access may be proven by evidence either of a particular chain of events establishing the defendant's access to plaintiff's work or widespread dissemination of plaintiff's work. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000). Access can also be presumed from the "striking similarity" in appearance between a defendant's infringing design and the plaintiff's copyrighted design. *Meta-Film Assoc., Inc. v. MCA, Inc.*, 586 F. Supp. 1346, 1355 (C.D. Cal. 1984). Substantial similarity is determined first by applying the "extrinsic test," an "objective comparison of specific expressive elements [that] focuses on the articulable similarities between the two works." *L.A. Printex Indus., Inc.*, 676 F.3d at 848. Second, the "intrinsic test" analyzes whether a reasonable person would determine the works are substantially similar due to the strong extrinsic similarities. *Id.* "Only the extrinsic test is assessed prior to a jury trial (i.e., in a motion to dismiss or on summary judgment) because the intrinsic test, which examines an ordinary person's subjective impressions of the similarities between two works, is exclusively the province of the jury." *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1133 n. 8 (C.D. Cal. 2007) (internal quotations omitted); *see also Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994).

---

   [2]  In the alternative, Defendant contends that Plaintiffs' copyright claim fails based on a theory of transformative fair use. (*See* Mot. 5-6.) However, rather than articulate how Defendant's alleged infringing design is transformative, Defendant merely relies on *Seltzer v. Green Day, Inc.*, 725 F.3d 1170 (9th Cir. 2013)–notably a matter before the court on motion for summary judgment–without any effort to analogize the facts there to its case. The Court is not convinced and **DENIES** Defendant's Motion to Dismiss on this alternate ground.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:**   CV 17-04254 SJO (JCx)            **DATE:** August 15, 2017

Here, Plaintiffs contend that Defendant had access to Plaintiffs' Subject Design through Plaintiffs' routine sale of her artwork through "the trade channels such as internet sites and retail stores such as Napa General Store, Wine Vine Imports, and True Fabrications." (Compl ¶ 13.) Plaintiffs in their Complaint, also allege substantial similarity between Plaintiffs' Subject Design and Defendant's infringing work. (Compl. ¶ 13) Specifically, Plaintiffs submit that "each artwork has central wording in the format of an EYE CHART, [e]very line reads phonetically like 'WINO' spelled in several combination of words," and that the unusual combination of words appear in Defendant's infringing work in "virtually the same order." (*See* Compl. ¶ 15.)  Additionally, Plaintiffs allege Defendant's infringing work uses similar "font (block letter with Serif), [and] imagery of metal signage (dye sublimation printed on metal) with a distressed patina having rusty screws in each of the four corners." (Compl. ¶ 16.)

In the face of these allegations, Defendant maintains that, unlike Plaintiffs' Subject Design which "contains a numbered acuity reading, green and red lines, and words that get smaller as the chart progresses in a general rectangular format," Defendant's allegedly infringing work "does not contain any lines, and does not include adjectives corresponding to the size of letters on each row." (Mot. 4.)  As such, Defendant contends that the only nonfunctional similarity between the two pieces is that they contain a string of words and short phrases, which cannot be protected by copyright. (Mot.4-5 [citing 37 C.F.R. § 202.1 which provides that "words and short phrases such as names, titles, and slogans; familiar symbols or designs; mere variations of typographic ornamentation; lettering or coloring; mere listing of ingredients or contents" are not subject to copyright].)  While it is true that a court must "filter out and disregard the non-protectable elements in making its substantial similarity determination," *see Cavalier v. Random House, Inc.*, 297 F.3d 815 (9th Cir. 2002), even non-protectable elements may be copyrightable, provided that the elements combined "are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." *Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003).  Here, the Court finds that separate and apart from the nearly identical word and phrase selection in both designs, that Plaintiffs have identified enough articulable similarities to satisfy the extrinsic test.  Accordingly, the Court **DENIES** Defendant's Motion on this basis.

    2.    Trade Dress Infringement

The Lanham Act prohibits any person from using another's trade dress in commerce in connection with any goods or services. 15 U.S.C. § 1125(a).  Trade dress is protectable "if it is nonfunctional and has acquired secondary meaning and if its imitation creates a likelihood of consumer confusion." *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 842 (9th Cir.1987); *First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378, 1381 (9th Cir.1987).  A product feature is nonfunctional if it is not essential to the product's use and does not affect its cost or quality of the article. *See Fuddruckers*, 826 F.2d at 842.  But the functionality analysis focuses on the item as a whole—not on whether any one particular feature is functional. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 17-04254 SJO (JCx)     DATE: August 15, 2017

Secondary meaning is a question of fact and depends on whether "the purchasing public associates the dress with a single producer or source rather than just the product itself." *First Brands Corp.*, 809 F.2d at 1383. Finally, the test for likelihood of confusion assesses "the total effect of the defendant's product and package on the eye and mind of an ordinary purchaser." *Id.* at 1381-84. The plaintiff bears the burden of establishing that a consumer "viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark." *Lindy Pen Co. v. Bic Pen Corp.*, 725 F.2d 1240, 1243 (9th Cir.1984) (citation omitted) (internal quotation marks omitted).

So long as a plaintiff has alleged a complete recitation of the concrete elements of its alleged trade dress, it should be allowed to proceed. *Lepton Labs, LLC v. Walker*, 55 F. Supp. 3d 1230, 1240 (C.D. Cal. 2014) ("A court must test the legal merits of a plaintiff's alleged trade dress at summary judgment or trial when the parties provide with all relevant, admissible evidence—not at the pleading stage when the court has little more than the plaintiff's allegations and the defendant's summary denial of them.") Plaintiffs have described their trade dress as the following elements: "central wording in the format of an EYE CHART, [e]very line reads phonetically like 'WINO' spelled in several combination of words," as well as the ordering of the combination of words, the font, the imagery of metal signage with a distressed patina, rusty screws in each of the four corners, and mounting of the sign on a recycled wood frame. (*See* Compl. ¶¶ 15-16.) While Defendant alleges that these elements are neither distinctive or nonfunctional, (*see* Mot. 7), that is an issue better tested at a later stage in the litigation. Accordingly, the Court finds that Plaintffs have adequately alleged that Defendant used the allegedly infringing trade dress in commerce and **DENIES** Defendant's Motion on this claim.[3]

### 3. Unfair Competition Law

In California, any "unlawful, unfair or fraudulent business act or practice" is prohibited. Cal. Bus. & Prof. Code § 17200; *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir 1998). "Violation of almost any federal, state or local law may serve as the basis for a UCL claim." *Lilith Games (Shanghai) Co. v. uCool, Inc.*, No. 15 CV 01267 SC, 2015 WL 4128484, at *5 (N.D. Cal. July 8, 2015).

---

[3] Defendant also urges the Court to dismiss Plaintiffs' trade dress claim as preempted by the Copyright Act. (Mot. 7-9) In so arguing, Defendants rely on *Mercado Latino, Inc. v. Indio Prods., Inc.*, Case No. 13-CV-01027 DDP (RNBx), 2013 WL 2898224 (C.D. Cal. June 12, 2013). The Court notes that *Mecado Latino, Inc.* is no longer good law for the proposition cited as it was reversed by the Ninth Circuit explicitly holding that "[t]he district court erred in dismissing [plaintiff's] claim for trade dress infringement, as it was not 'preempted' by the Copyright Act. Plaintiffs may bring claims for copyright and trade dress infringement based on the same wrongful conduct." *Mercado Latino, Inc. v. Indio Products, Inc.*, 649 Fed. App'x 633, 634 (9th Cir. 2016) (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:**   CV 17-04254 SJO (JCx)          **DATE:** August 15, 2017

A state law cause of action is preempted by the Copyright Act if two elements are present. "First, the content of the protected right must fall within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103. Second, the right asserted under the state law must be equivalent to the exclusive rights contained in section 106 of the Copyright Act." *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1150 (9th Cir. 2008) (internal quotation omitted).

Defendant contends that Plaintiffs' Complaint "blends together [their] copyright, trademark and unfair competition claims–and the facts that support each cause of action–and as such preemption must apply." (Mot. 9.) Plaintiffs in their Opposition, fail to discuss the issue of preemption. (*See generally* Opp'n.) However, Plaintiffs' Complaint asserts "[t]he foregoing acts and conduct of Defendants [sic] constitute unfair competition under California Business and Professions Code [§] 17200 and under the common law." (Compl. ¶ 39.) The Complaint does not allege a UCL violation that does not depend on copying in violation of either the Copyright Act or the Lanham Act. Plaintiff does not include any allegations or facts in the UCL claim that are not asserted in its copyright infringement or trade dress claims. *See Young Money Entm't, LLC v. Digerati Holdings, LLC*, Case No. 2:12-CV-7663 ODW (JCx), 2012 WL 5571209, at *9 (C.D. Cal. Nov. 15, 2012) (finding Copyright Act preempted UCL claim where plaintiff did not allege additional facts but merely incorporated facts regarding copyright infringement). "Where as here, 'the improper business act complained of is based on copyright infringement,' a UCL claim is 'properly dismissed because it is preempted.'" *Epikhin v. Game Insight N. Am.*, Case No. 14-CV-4383-LHK, 2015 WL 2412357, at *5 (N.D. Cal. May 20, 2015) (quoting *Sybersound*, 517 F.3d at 1152). As a result, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiffs' UCL claim. The Court does so **without leave to amend** because Plaintiffs' UCL claim is preempted by federal law and amendment would therefore be futile. *See Hayes v. Wells Fargo Bank, N.A.*, Case No. 13-CV-1707 L(BLM), 2014 WL 3014906, at *6 (S.D. Cal. July 3, 2014) (dismissing UCL claim with prejudice because it was preempted by federal law). Furthermore, Plaintiffs' failure to oppose dismissal of their UCL claim also weighs in favor of dismissing the claim with prejudice. *See Smith v. Harrington*, Case No. C 12-3533 LB, 2013 WL 132465, at *11 (N.D. Cal. Jan. 9, 2013) ("In instances where a plaintiff simply fails to address a particular claim in its opposition to a motion to dismiss that claim, courts generally dismiss it with prejudice.").

III.    RULING

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. Defendant shall file an Answer on or before September 5, 2017.

IT IS SO ORDERED.